**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | | |
|---|---|---|
| MVM, INC., | * | |
| *Plaintiff*, | * | Case No. 24-1741C |
| v. | * | |
| THE UNITED STATES, | * | Judge Kathryn C. Davis |
| *Defendant*. | * | |

TRAILBOSS ENTERPRISES, INC.'S UNOPPOSED
MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

Trailboss Enterprises, Inc. ("Trailboss"), through undersigned counsel, respectfully moves to intervene as Plaintiff-Intervenor in the above-captioned bid protest proceeding in accordance with Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"). Counsel for Trailboss conferred with counsel for Plaintiff, MVM, Inc. ("MVM"), and Defendant, the United States of America. Each party advised they do not object to the relief requested in this motion.

In its bid protest, MVM challenges the General Services Administration's ("GSA") recent amendments to Solicitation No. 47QMCH23R0001 (the "Solicitation"), a procurement for transportation and logistics services in support of the U.S. Department of Health & Human Services' Office of Refugee Resettlement Division of Unaccompanied Children's Operations.

The Court should grant Trailboss's motion to intervene in this bid protest proceeding because it possesses a substantial interest as a prospective offeror in the procurement that is the subject of MVM's complaint, and the resolution of this action may impair or impede Trailboss's ability to protect that interest.

Upon a timely motion, RCFC 24(a)(2) provides a right to intervene when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.*; *see also Mgmt. Sols. & Sys., Inc. v. United States*, 75 Fed. Cl. 820, 826–27 (2007). The United States Court of Appeals for the Federal Circuit emphasized that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

Trailboss satisfies the requirements of RCFC 24(a)(2). *First*, Trailboss's motion is timely submitted five days after MVM filed its bid protest Complaint. *See* Dkt. No. 1 (MVM Complaint filed under seal on October 24, 2024); *see also Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (considering the "length of time during which the would-be intervenor[] actually knew or reasonably should have known of [their] rights") (citations omitted). The Court has not yet issued a scheduling order for the filing of the administrative record and related motions pursuant to RCFC 52.1 for this bid protest proceeding. Therefore, granting this motion will not prejudice the existing parties, nor will it cause any delay to further proceedings in this matter.

*Second*, as a prospective offeror under the Solicitation, Trailboss has a compelling interest to ensure the resolution of this proceeding will not impair its ability to compete for the contract resulting from the instant Solicitation. The recent amendments to the Solicitation followed separate post-award bid protest challenges brought by MVM and Trailboss challenging GSA's decision to award a contract to Acuity International, LLC. *See generally* Consolidated Case Nos. 24-1107C and 24-1108. GSA undertook corrective action in response to MVM's and Trailboss's respective bid protests, resulting in the Solicitation amendments challenged in the

above-captioned bid protest. *See* Case No. 24-1107C, Dkt. No. 39. As an actual offeror in the subject procurement, Trailboss's economic interest in its pursuit of a contract resulting from the Solicitation may be affected by the Court's resolution of this proceeding. *See Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680–81 (2006) (granting a motion to intervene in a bid protest proceeding based upon the representation that it is an interested party whose economic well-being may be affected by the outcome of the proceeding).

*Third*, Trailboss's interests will not be adequately represented by any party to the current proceeding. As a competitor with its own economic incentive in this bid protest proceeding, MVM's interests cannot be said to align with Trailboss's. Absent intervention, MVM may present arguments or propose relief in this proceeding that may be detrimental to Trailboss's interest in seeking award of the contract under the Solicitation. *See Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006). For the above reasons, Trailboss satisfies the standard to intervene pursuant to RCFC 24(a)(2).

In the alternative, the Court should permit Trailboss to intervene under RCFC 24(b). Pursuant to RCFC 24(b), a party may intervene upon any "claim or defense that shares with the main action a common question of law or fact." *Id*. Trailboss also satisfies the standard for permissive intervention. As explained above, Trailboss has a direct economic interest in the outcome of this proceeding and Trailboss's pursuit of the contract award under the Solicitation shares common questions of law and fact with MVM's bid protest and with the Government's anticipated defenses. As a result, Trailboss respectfully requests that the Court grant this motion pursuant to RCFC 24(b) to the extent the Court determines Trailboss failed to establish a right to intervene in accordance with RCFC 24(a)(2).

As a final matter, Trailboss respectfully requests that the Court permit it to file a motion for judgment on the administrative record ("MJAR") under RCFC 52.1(c)(1) on the same

deadlines the Court may establish for MVM to file its MJAR. Although RCFC 24(c) generally requires a motion to intervene to be "accompanied by a pleading that sets out the claims or defense for which intervention is sought," RCFC 52.1(c)(3) provides that a responsive pleading by the Government is not required. Thus, allowing Trailboss to file its MJAR at the same time as the MVM will not prejudice the other parties.

For the foregoing reasons, Trailboss respectfully requests that the Court grant this Unopposed Motion to Intervene as Plaintiff-Intervenor.

Dated: October 29, 2024

Respectfully submitted,

/s/ Shaun C. Kennedy

Shaun C. Kennedy
*Counsel of Record*
Sam C. Kidd
Nicole A. Vele
Christine M. Garson

HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8377
Email: sckennedy@hollandhart.com

*Attorneys for Trailboss Enterprises, Inc.*

33439714_v1